**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2235-21

JAHEEM WARREN,
a/k/a JAHEEM LEARY,
ISIAH THOMAS, and
JAHIEM WARREN,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted November 13, 2023 – Decided November 27, 2023

Before Judges Sabatino and Vinci.

On appeal from the New Jersey Department of Corrections.

Jaheem Warren, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Jaheem Warren, an inmate in New Jersey State Prison, appeals from a March 10, 2022 final agency decision of the Department of Corrections finding him guilty of threatening another with bodily harm or with any offense against his or her person or his or her property under N.J.A.C. 10A:4-4-1(a)(2)(ii) (prohibited act *.005). As a result of the finding, appellant lost certain recreational privileges for fifteen days, was assigned to a restorative housing unit for sixty days, and was referred to the classification committee for further action. Based on our review of the record and the applicable principles of law, we affirm.

According to the Department's findings, on March 3, 2022, appellant stopped Officer B. Peterson and stated, "I can't stay here anymore. If I stay here any longer, I'm going to hurt somebody." Appellant was charged with making a threat. On March 4, 2022, a copy of the disciplinary report and charge was delivered to appellant. An officer conducted an investigation and referred the charge to a hearing officer for further action. Appellant requested the assistance of counsel substitute, which was granted. Appellant indicated he intended to obtain a statement from an individual identified as "Grimes" in housing unit "62L-cell 23."

On March 7, 2022, a hearing was conducted before a disciplinary hearing officer ("DHO"). Appellant pleaded not guilty to the charge. Appellant reviewed the evidence, declined his right to call any witnesses, and declined his right to confront or cross-examine any witnesses. Appellant made a statement at the hearing indicating he was scheduled to leave on March 17, 2022, and was being extorted. Appellant's counsel substitute signed the hearing report form indicating it reflected accurately what took place at the hearing.

After reviewing the evidence, including Officer Peterson's report and appellant's statement, the DHO found appellant guilty. In imposing sanctions, the DHO considered appellant's prior finding of guilt on the same charge and noted the need to take threats seriously within prison culture to maintain safety and order. The DHO noted appellant did not deny making the statement.

On March 7, 2022, appellant administratively appealed the DHO's decision. He argued his statement did not meet the requirements of a threat because case law and Department regulations require that a specific person be threatened. Appellant also stated he was "supposed to leave on the 13th." The appeal form was signed by appellant and his counsel substitute. On March 10, 2022, the Department upheld the decision of the DHO. This appeal followed.

Appellant raises the following arguments:

POINT I

INVESTIGATING OFFICER OF THE ALLEGED INFRACTION DID NOT COMPLETE A FULL INVESTIGATION[.]

POINT II

THE COURT SHOULD REMAND THIS CASE TO THE DEPARTMENT FOR FURTHER CONSIDERATION[.]

Our review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).

In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider whether: (1) The agency followed the law; (2) substantial evidence supports the findings; and (3) the agency "clearly erred" in applying the "legislative policies to the facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)). Applying that

4

well-established standard, we accord particular deference to the expertise and "broad discretionary powers" of the Department in managing the State prisons pursuant to its statutory responsibilities. See, e.g., Jenkins v. Fauver, 108 N.J. 239, 252 (1987).

Appellant contends the DHO did not address or explain why the witness statement he requested was unavailable and did not postpone the disciplinary hearing, thereby denying him access to the testimony of an eyewitness. Appellant also contends his counsel substitute submitted the administrative appeal form without his consent and forged his signature. We are not persuaded.

Although appellant initially indicated he intended to call "Grimes" as a witness, he waived his right to call witnesses at the hearing and did not request an adjournment. In addition, appellant does not describe what testimony "Grimes", or any other witness could have offered in his defense. Appellant's claim that he was prevented from calling witnesses lacks merit.

Appellant's claim that his counsel substitute submitted the appeal form without his consent is also unavailing. Appellant does not identify any arguments that were not raised or any other reason the form submitted was harmful to his appeal. Appellant's counsel substitute raised every argument

A-2235-21

identified before the DHO and on this appeal. Even if the form was submitted without his consent, appellant was not prejudiced.

In the context of prison disciplinary proceedings, "[t]he determination of whether a remark constitutes a threat is made on the basis of an objective analysis of whether the remark conveys a basis for fear." Jacobs v. Stephens, 139 N.J. 212, 222 (1995). The evidence established appellant told Officer Peterson that he was "going to hurt somebody." The Department's determination that appellant's statement constituted a threat was supported by substantial credible evidence in the record and was not arbitrary, capricious, or unreasonable. We accord deference to the Department's expertise and broad discretionary powers to manage the State prisons. We do not perceive any basis to disturb the Department's decision.

To the extent we have not otherwise addressed appellant's arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                                  A-2235-21